## Roberts et al. *versus* Guernsey.

1. Personal property having been sold while in the hands of a bailee, without any actual change of possession, it was not error in the court to refuse to charge that the sale was a fraud in law, and leaving the question of fraud in fact to the jury.

2. If the transaction is not fraudulent *per se*, the party alleging fraud must prove it to the satisfaction of the court and jury.

ERROR to the Court of Common Pleas of *Tioga County*.

This action of trespass was brought at the February term, 1856, to recover the value of goods sold by R. Christenat, who was constable of the borough of Wellsborough. David P. & William Roberts had a debt against John T. Wisner, and commenced a suit by writ of attachment on the 11th day of Nov., 1855, and attached some household goods in the second story of Wm. A. Roe's store. The goods attached consisted of several stands, one air-tight stove, tables, chairs, carpets, &c. They had been placed in the second story of Wm. A. Roe's store, for storage, in the month of April, 1855. Mr. John P. Wisner, having lumber to run down the river, sent his wife away to her father's, in New York State, and he went down the river. The goods remained in the upper room of Wm. A. Roe through the summer and fall without any notice to Mr. Roe or any one else that H. A. Guernsey had any claim to them. Some time about

[Roberts et al. *v.* Guernsey.]

the following November, M. M. Converse obtained a judgment against John P. Wisner, and levied on these goods. On the 5th of December, the attorney of John P. Wisner came forward and claimed the benefit of the exemption law, and appraisers were appointed. The property did not reach the amount of $300, and was not sold on the writ of M. M. Converse. On the same evening that the property was appraised on the execution of M. M. Converse, Mr. Wisner went into the store of Wm. A. Roe, in company with Henry A. Guernsey, and gave Mr. Roe notice that the goods had been sold by him to Mr. Guernsey. But Mr. Guernsey did not move the goods or touch them; but permitted them to remain where they had been all summer. Guernsey had a wife and family, and was living in a large house, with a great abundance of room in it, not ten rods from Mr. Roe's store. He took an assignment of these goods for a debt which John P. Wisner owed him, some time in the month of April or May prior to this; but he did not offer to remove them or take possession of them, and gave no notice to any one of his claim, and permitted them to remain undisturbed and unchanged where Wisner left them. On the 11th of December this attachment issued, and these goods were attached in the same room where they were left by Wisner and precisely in the same position. They were afterwards sold by this constable, and this suit was commenced by Guernsey to recover their value.

Defendants below requested the court to charge the jury as follows:—

1st. That from the evidence of the plaintiff there was no actual possession of the goods taken by him; and that the sale from Wisner to Guernsey was fraudulent and void as to creditors.

2d. That as the plaintiff lived the next door to where the goods were deposited, and the goods were light and easily moved; and he a housekeeper, with a large house and plenty of room; the fact that he did not remove the property to his own house or some other place is strong evidence of fraud; and that the goods which were mixed up with the goods sold, as well as the goods sold, were all taken away by John P. Wisner is also strong evidence of a fraud.

3d. That a party claiming goods against a creditor is bound to remove all doubt of the fairness of the transaction, whether possession has been given or not.

4th. That a transfer of personal property unaccompanied by a corresponding change of possession, is void as against creditors.

The court (WHITE, J.) charged the jury substantially as follows:—

[Roberts et al. *v.* Guernsey.]

" That the important question raised, upon which the issue between the parties depended, was a question of fact and not of law. That if, from the evidence in the case, they believed that the sale under which plaintiff claims title to the property in controversy, was made without payment of a bona fide consideration, or for the purpose of hindering, delaying, or defrauding creditors, it was void and conferred no title. That under the facts disclosed plaintiff had all the possession necessary to constitute a valid transfer of the property, provided the sale was an honest one, and not made to defraud creditors. The actual possession of the property at the time of the sale was in Wm. A. Roe, and there was no possession or retention of possession by John T. Wisner after the sale. The retention of possession by Roe, at the request of plaintiff, would not of itself avoid the sale or render it fraudulent as to creditors. The delivery of the property, as testified by Roe, was sufficient.

" The facts stated in defendant's 2d point were referred to the jury as evidence of fraud in part, but not sufficient in themselves to authorize the court to declare the transaction a fraud in law, or to take the facts from the jury and pronounce it, as a legal deduction from the evidence, a fraud in fact.

" Upon defendant's 3d point the jury were instructed that no rule of evidence known to the court required a party claiming goods against a creditor to remove *all doubt* in regard to the fairness of the transaction by which he acquired title to them. The party alleging fraud in the sale of chattels must prove it to the satisfaction of the jury, otherwise, though doubts may exist in regard to the fairness of the sale, they should sustain the title of the vendee."

To this charge defendant's counsel excepted, and assigned the same for error.

*Allen Williston* and *Sherwood,* for plaintiffs in error, referred to *Linton* v. *Butts,* 7 B. 89.

—— ————, for defendant in error, referred to *Young* v. *McClure,* 2 W. & S. 147; *McBride* v. *McClelland,* 6 W. & S. 94; *Haynes* v. *Robinson,* 2 S. & R. 13; 2 Wh. 302; 6 Wh. 53.

The opinion of the court was delivered March 18, 1858, by Thompson, J.—The court put the case to the jury on a question of fraud in fact, the property being in the possession of a bailee at the time of sale and delivery, refusing to pronounce the transaction fraudulent in law; and the jury negatived the fraud in fact. Were the court wrong in not charging that it presented a case of fraud in law? We think they were not, and that the case of *Linton* v. *Butts,* 7 Barr, 89, clearly sustained their ruling;

and that the case in hand was fully within the principles of that case.

Nor do we perceive any error in the fourth and fifth assignments. The party alleging fraud, if the transaction is not fraudulent *per se,* must prove it to the satisfaction of the court and jury. It will not suffice to raise a doubt and call upon the party not convicted of anything wrong, but upon whom he may have cast a shade of doubt, to clear that doubt away or otherwise stand convicted. If nothing more real than a doubt be thrown upon the party charged, the presumption of honesty, until the contrary be proved, rebuts that, and he need do nothing—it is not condemnation. But if a case is *prima facie* made against him, he must satisfactorily rebut it, or he will stand charged with the fraud, and his case will suffer accordingly. In civil cases, whatever is satisfactorily proved is sufficiently proved, and this is most generally a question for the jury under instructions from the court. We see no reason for reversing this case.

Judgment affirmed.